## Simpson &c. vs. the F. and M. Bank of Lexington.

*MOTION.*

Error to the Montgomery Circuit; S. W. ROBBINS, Judge.

*Case 115.*

*Executions. Replevin bonds. Statutes. Constructions.*

Judge OWSLEY delivered the Opinion of the Court.

*October 13.*

IN a petition and summons, which was brought by the defendants in error, against Simpson, one of the plaintiffs in error, and others, in the Montgomery circuit court, such proceedings were had as that a judgement was rendered in favor of the defendants in error for $1,430, besides interest and cost.

*Judgment for the Bank, on a petition and summons*

Recently after the judgment, and on the 30th June, 1823, the plaintiffs in error, together with others, went into the clerk's office, and in the form presented by the act of assembly on that subject, entered into and executed a recognisance, binding themselves to pay to the defendants in error, the amount of the judgment, within two years from the date thereof.

*Recognisance in the nature of a replevin bond, for the amount of the judgment*

SIMPSON &c.
vs.
F. & M. BANK
OF LEX'N.
_____
Execution on
the recognis-
ance.

Motion to
quash the ex-
ecutionissued
on the recog-
nisance,over-
ruled.

Grounds of
the motion.

Ninth sec. of
the act of
1820, author-
izing a re-
plevin for 12
months, of
executions is-
sued on re-
cognisances,
does not ap-
ply to recog-
nisances en-
tered into af-
ter that en-
actment, but
applies to
prior cases.

The amount of the recognisance was not paid at the time stipulated, and on the 18th of July, 1825, an execution was issued thereon in favor of the defendants in error, against the estate of the plaintiff &c. with an endorsement made thereon by the clerk, that no security is to be taken &c.

At the September term thereafter, a motion was made by the plaintiff in error, to quash the execution; but the motion was overruled by the court.

To reverse the judgment of the court overruling the motion, this writ of error is prosecuted.

On the part of the plaintiffs in error, it is contended that, by the act of 1820, 1 Dig. L. K. 502, under which the recognisance was executed, the defendants in any execution which might thereafter issue thereon, are authorised to again replevy for one year, and on failure to do so, the officer is directed to sell the property taken in execution, at a credit of twelve months; and hence it is insisted, that the clerk did wrong in endorsing on the execution, that no security of any kind was to be taken, and that the court consequently erred in not quashing the execution.

The provision of the act upon which the argument on the part of the plaintiffs in error is founded, is contained in the ninth section; but we are satisfied, upon examining the different parts of the act, that the construction contended for cannot be correct, and should not prevail. There is, no doubt, a class of cases in which, by the provisions of the act, the defendants in executions which issue on recognisances, have the privilege of replevying for twelve months; but those are cases of executions which issue upon recognisances entered into before the passage of the act to which we have referred, and not executions which issue on recognisances taken under that act. Recognisances taken under the act, have the force of replevin bonds, and should be proceeded on by execution and endorsement, as on replevin bonds. But there was an act of the previous session of the legislature, which authorized recognisances of like nature to be entered into by de-

fendants for the payment of judgments within twelve months, and it is, we apprehend, executions which issue on recognisances of that sort, that may, by the provisions of the ninth section of the act of session 1820, be replevied for twelve months. By thus extending to defendants who had previously entered into recognisances for twelve months, the right of a further replevin of twelve months, and not allowing to such as might, after the passage of the act, enter into recognisances, any further replevin, all defendants, whether judgments were rendered against them before, or after, the passage of the act, and whether executions issue on the judgments, or on recognisances, will partake equally of the privileges of a system of replevin, which must have been intended to act equally on all. But to give the act a construction which will allow a further replevin of twelve months on all executions, whether they issue upon recognisances entered into before or after the passage of the act, would extend to defendants by whom recognisances are entered into after the passage of the act, the privilege of delaying the collection of demands owing by them, not only two, but three years, after the date of the first recognsiance, and thereby enable all such as might go into the clerk's office and enter into a recognisance, to postpone the collection of demands against them one year longer than it would be possible for defendants to do, against whom executions issue on original judgments or for defendants to do, who had before the passage of the act entered into a recognisance for one year. A construction calculated to act so unequally upon those for whose benefit the act was made, cannot be presumed to conform to the intention of the legislature, and cannot therefore be sustained as correct.

The court was consequently correct in overruling the motion to quash the execution.

The judgment is affirmed, with cost.

*Crittenden* and *Haggin* for plaintiffs; *Wickliffe* and *Combs* for defendants.